# EXHIBIT A

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Quodoesha Allgood, ) | Case No. 2022-CP-23-05018 |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| v. ) | |
| ) | |
| Hire Dynamics Skilled Staffing, LLC and ) | |
| Drive Automotive Industries of America, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |

**TO THE DEFENDANTS ABOVE-NAMED:**

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

HORTON LAW FIRM, P.A.

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC 29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Quodoesha Allgood*

September 13, 2022

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Quodoesha Allgood, ) | Case No. 2022-CP-23-05018 |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (JURY TRIAL DEMANDED) |
| v. ) | |
| ) | |
| Hire Dynamics Skilled Staffing, LLC and ) | |
| Drive Automotive Industries of America, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Quodoesha Allgood ("Plaintiff") brings this action against Defendants Hire Dynamics Skilled Staffing, LLC ("Defendant Hire Dynamics") and Drive Automotive Industries of America, Inc. ("Defendant Drive"), based on the allegations set forth below.

**PARTIES**

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Defendant Hire Dynamics is a Georgia LLC that does business in South Carolina. Defendant Hire Dynamics provides staffing services in South Carolina, including in Greenville County. As relevant to this claim, Defendant Hire Dynamics has a contractual relationship with Defendant Drive to provide temporary employees to Defendant Drive, for the joint and common purpose of carrying out Defendant Drive's business. Defendant Hire Dynamics staffed Plaintiff to work at Defendant Drive's plant in Greenville County.

3. Defendant Drive is a Delaware corporation that does business in South Carolina. Defendant Drive operates a facility located in Greenville County, South Carolina.

4. At all times relevant to this Complaint, Defendants have continuously been employers engaged in industries affecting commerce and have employed fifteen or more

1

employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

5. Plaintiff filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission. Plaintiff brings this action within ninety days of receipt of the Notice of the Right to Sue.

## JURISDICTION

6. This action is authorized and instituted pursuant to American with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"). This Court has subject-matter jurisdiction over the ADA claims in this lawsuit; the ADA provides state courts with concurrent jurisdiction.

7. This Court has personal jurisdiction over the Defendants because (1) the unlawful practices alleged in this Complaint were committed within the jurisdiction of South Carolina; (2) Defendants are companies doing business in South Carolina; and (3) Defendants have purposefully availed themselves of the rights and privileges afforded to them under South Carolina law.

## VENUE

8. Venue is proper in this circuit under South Carolina Code § 15-7-30 because Defendants conduct business in Greenville County; Plaintiff lived and worked in Greenville while she was employed and later terminated by Defendants; and the acts or omissions that are the subject of this action occurred in Greenville County, South Carolina.

## FACTS

9. Plaintiff has a disability in the form of a visual impairment, which is caused by a disease called keratoconus. This Plaintiff has suffered from this disability for many years and

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

provides substantial limitations on her ability to see, although Plaintiff is generally able to cope while she is working.

10. Plaintiff was hired to work at Defendant Drive by and through Defendant Hire Dynamics, beginning on or around October 3, 2021. Defendants were the joint employers of Plaintiff.

11. Plaintiff worked as an assembler at Defendant Drive's Piedmont plant.

12. At the time of her hire, Plaintiff informed Defendant Hire Dynamics of her disability, and Hire Dynamics assured her that it would not be problem.

13. On Plaintiff's first shift, she was able to perform the essential functions of her position.

14. However, when she had arrived at the plant for that shift, she had not been given a tour of the plant and was unfamiliar with the layout. Given her sight impairment, she had difficulty reading the various signs directing her to the breakroom and bathroom, so she spoke with the HR representative for Defendant Drive about her disability. Plaintiff asked to be teamed with someone to guide or direct her to the bathroom and breakroom for a short period of time until she learned her way.

15. The Drive HR rep argued with Plaintiff and stated that they do not do that type of accommodation, although the HR rep indicated that she would check further.

16. Plaintiff returned to work and finished her shift without issues.

17. The next day, Plaintiff came into work, but her badge was not working, so someone had to let her in. She worked for several hours before Plaintiff's Hire Dynamics supervisor told Plaintiff that Defendant Drive wanted Plaintiff off the property. Plaintiff was never allowed to return.

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

## FOR A FIRST CAUSE OF ACTION
### (Failure to Accommodate—ADA)

18.     Plaintiff incorporates all allegations above into this cause of action.

19.     Plaintiff has a disability under the ADA and is therefore a member of a protected class based on her disability.

20.     Defendants had knowledge of Plaintiff's disability and her need for an accommodation for her disability.

21.     Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

22.     Defendants failed to accommodate Plaintiff's disability by providing a temporary guide during breaks.

23.     The actions of the Defendants in failing to reasonably accommodate her disability and in failing to reasonably engage in the interactive process violated Plaintiff's rights and privileges as guaranteed by the ADA.

24.     Plaintiff has sustained, as a direct and proximate result of Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, loss of professional reputation and standing, anxiety, and depression. Accordingly, Plaintiff is entitled to compensatory damages in amounts to be proved at trial.

25.     Defendants' actions were willful, intentional, and wanton, and entitle Plaintiff to an award of punitive damages. Plaintiff also seeks an award of attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation—ADA)

26.     Plaintiff incorporates all allegations above into this cause of action.

4

27. Plaintiff engaged in protected conduct when she informed Defendants of her disability and when she requested a reasonable accommodation.

28. Plaintiff was subjected to retaliation (termination) within one day by Defendants after Plaintiff engaged in this protected conduct.

29. As a direct and proximate result of Defendants' actions, Plaintiff suffers, and continues to suffer pecuniary losses, including, but not limited to loss of wages, and other monetary benefits.

30. In addition, Plaintiff has sustained, as a direct and proximate result of Defendants' actions, damages in the form of emotional distress, including, but not limited to humiliation, loss of professional reputation and standing, anxiety, and depression. Accordingly, Plaintiff is entitled to compensatory damages in amounts to be proved at trial.

31. Defendants' actions were willful, intentional, and wanton, and entitle Plaintiff to an award of punitive damages. Plaintiff also seeks an award of attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE,** having fully set forth her complaint, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendants as follows:

a. Award Plaintiff all compensation and benefits due that were lost as a result of Defendants' unlawful employment practices, including but not limited to lost wages in the form of back and front pay, bonuses, health insurance and life insurance benefits, pre-judgment interest, and other benefits in amounts to be determined at trial;

b. Award Plaintiff compensatory and punitive damages in amounts to be determined at trial;

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

ELECTRONICALLY FILED - 2022 Sep 13 4:42 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2305018

c. Award Plaintiff equitable relief in the form of reinstatement to a comparable position and salary;

d. Award Plaintiff her attorneys' fees and costs of this action as provided by federal law; and

e. Award Plaintiff such other legal and/or equitable relief as this court may deem proper in the public interest.

Respectfully submitted,

**HORTON LAW FIRM, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC 29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Quodoesha Allgood*

September 13, 2022

6



**CERTIFIED MAIL®**

7019 1640 0000 1474 4941



02 1P         $ 015.28⁰
0000902321   OCT 06 2022
MAILED FROM ZIP CODE 29601



# HORTON
### LAW FIRM, P.A.

307 PETTIGRU STREET
GREENVILLE, SOUTH CAROLINA 29601
864.233.4351 • FAX 864.233.7142
WWW.HORTONLAWFIRM.NET

Corporation Service Company
Registered Agent for Drive Automotive   Industries of America, Inc.
508 Meeting Street
West Columbia, SC 29169

TAMPER EVIDENT

▶▶▶ Pull here to open

◀◀◀ Pull here to open



# HORTON
## LAW FIRM, P.A.

DAVID B. WARD
MICHAEL A. FARRY
THOMAS F. DUGAS
BRUCE B. CAMPBELL
JEREMY R. SUMMERLIN
JOHN L. B. KEHL

OF COUNSEL
W. ANDREW ARNOLD

VANCE B. DRAWDY
1928-1997

J. WRIGHT HORTON
1919-2011

October 6, 2022

**VIA CERTIFIED MAIL, RESTRICTED DELIVERY**

Corporation Service Company
Registered Agent for Drive Automotive Industries of America, Inc.
508 Meeting Street
West Columbia, SC 29169

    Re:    Quodoesha Allgood v. Hire Dynamics Skilled Staffing, LLC *et al.*
             Case No: 2022-CP-23-05018

To Whom It May Concern:

Please find enclosed a copy of the Summons and Complaint for the above-referenced matter, which is being served upon you as the registered agent for Drive Automotive Industries of America, Inc.

If you have any questions, do not hesitate to contact me.

Sincerely,

Jeremy R. Summerlin